UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LITTLE BELL, L.L.C., ET AL.** | \* | **CIVIL ACTION NO.   09-0712** |
| **VERSUS** | \* | **JUDGE ROBERT G. JAMES** |
| **CENTERPOINT ENERGY, INC., ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss [doc. # 43] filed by defendants-in-counterclaim and defendants-in-intervention, Martha Perry Amman, Paula Perry Blackman, and Little Bell L.L.C.  For reasons set forth below, it is recommended that the motion to dismiss be DENIED.

### Background

**I.   The Petition for Eviction**

Plaintiffs, Little Bell, L.L.C., Martha Perry Amman, and Paula Perry Blackman (collectively, "Little Bell"), initiated the instant litigation on February 10, 2009, by filing a Petition for Eviction against CenterPoint Energy, Inc., in the 4th Judicial District Court for the Parish of Morehouse, State of Louisiana.  According to the petition, in 1949 and 1951, plaintiffs, as owners of a certain tract of land in Morehouse Parish, executed two leases in favor of defendant's predecessor-in-title.  Plaintiffs contend that under the terms of the agreements, the lessee was required to pay the property tax(es) assessed on the property.  Plaintiffs further allege, however, that defendant failed to pay the assessed taxes for the years 1999-2007, thereby materially breaching the leases.  As a result, plaintiffs seek a judgment terminating the leases and

evicting defendant from the property.

Plaintiffs amended their petition on March 19, 2009, to join CenterPoint Energy Services, Inc. and CenterPoint Energy – Mississippi River Transmission Corporation. On April 30, 2009, all three defendants (collectively "CenterPoint"), removed the matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. However, CenterPoint did not answer the petition, as amended, until May 29, 2009. Defendants contend that they reimbursed plaintiffs for the property taxes at issue within 60 days after the appropriate CenterPoint entity became aware of plaintiffs' repayment demand.

Despite the seemingly limited and straightforward issue(s) raised by the initial complaint, the parties, for various reasons, were not able to complete discovery on a timely basis, thus necessitating more than two motions to continue the trial date and associated deadlines.

Meanwhile, on March 17, 2011, the parties escalated the dispute when Little Bell joined with Calhoun Brake, LLC, to file a new suit in the 4th Judicial District Court for the Parish of Morehouse, State of Louisiana, against CenterPoint, plus several other diverse and non-diverse defendants, to recover damages caused by defendants' oil and/or gas activities on certain tracts of land owned by plaintiffs, subject to some of the same leases at issue in this case, specifically, the 1949 and 1951 leases, plus a 1929 lease. *See Little Bell, L.L.C. v. Centerpoint Energy Gas Transmission Company, LLC*, Docket No. 2011-130, (4th JDC); Defs. M/Amend Pleadings, Exh. 3 [doc. # 29-1] (hereinafter, "Remediation Suit").

Unable to remove the Remediation Suit to federal court because of the patent lack of diversity jurisdiction, CenterPoint sought and obtained leave of court to amend their answer in this eviction proceeding to add a counterclaim that seeks 1) a judgment declaring that (a) provisions within the 1929, 1949, and 1951 leases shield the lessees (and their successors) from

2

liability for any damages to the leased premises caused by the lessees (and their successors); and (b) pursuant to 15 U.S.C. § 717f, plaintiffs must obtain a FERC abandonment order before expelling the CenterPoint Entities from the premises; and 2) a "temporary" injunction prohibiting Little Bell from (a) excluding some of the CenterPoint entities from the leased premises; and (b) exercising dominion or control over the interstate natural gas pipelines and appurtenant facilities located on the leased premises absent FERC approval. *See* 1st Amend. Counterclaim. On May 16, 2011, yet another CenterPoint entity – CenterPoint Energy Gas Transmission Company, LLC (hereinafter collectively referred to as "CenterPoint," together with the other CenterPoint entities) – intervened in this suit seeking the same relief asserted by the original CenterPoint entities in their counterclaim against Little Bell. *See* Complaint In Intervention [doc. # 38].

On June 8 and 10, 2011, Little Bell filed answers to the counterclaim, the complaint-in-intervention, and the amended counterclaim. Also on June 8, 2011, Little Bell filed the instant motion to dismiss solely those portions of the amended counterclaim and intervention that seek a judgment declaring the lessees' immunity from damages under the three leases. Little Bell contends that dismissal is warranted under the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976), and that the proper procedural vehicle to raise this issue is via a motion to dismiss for lack of subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1). CenterPoint filed their response on June 30, 2011. Little Bell filed their reply brief on July 12, 2011. The matter is now before the court.

## Discussion

CenterPoint raise two principal arguments in opposition to Little Bell's motion to dismiss. First, they contend that by failing to timely answer the counterclaim, Little Bell waived its right to petition the court to abstain under *Colorado River*. This argument is not well taken.

**I.**

The court notes that "abstention doctrines are not exceptions to the federal courts' jurisdiction, but are rather judicially created guidelines defining circumstances in which courts may decline to exercise jurisdiction . . ." *American Bank and Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921-22 (5th Cir. 1993). Thus, strictly speaking, abstention is not a challenge to the court's subject matter jurisdiction that may be raised at any time. *See* Fed.R.Civ.P. 12(b)(1) and (h)(3). On the other hand, neither is abstention an enumerated affirmative defense required to be pled under Rule 8. *See* Fed.R.Civ.P. 8(c). Even if it were, Little Bell invoked abstention in their belatedly filed answer(s) to the amended counterclaim and intervention and, of course, via the instant motion. Moreover, "[a]n affirmative defense is not waived if it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond." *Talbert v. American Risk Ins. Co., Inc.*, 405 Fed. Appx. 848 (5th Cir. Dec. 20, 2010) (citation omitted). Here, there is no indication that Little Bell's abstention argument was not raised at a pragmatically sufficient time or that CenterPoint were prejudiced in their ability to respond. *See* discussion, *infra*.

CenterPoint's procedural challenge to the timeliness of the instant motion essentially boils down to an argument that Little Bell should be defaulted for failure to timely file responsive pleadings. However, judgment by default is a "drastic remedy resorted to only in extreme situations." *Crawford v. Harris County Juvenile Probation Dept.*, 2001 WL 1751457, *4 (5th Cir. Dec. 26, 2001) (unpubl.). Those circumstances are not present here. In addition, if the court were to strictly enforce the deadlines for filing responsive pleadings, this would not necessarily enure to the benefit of CenterPoint, because the record suggests that CenterPoint's answer to the original petition is vulnerable to the same temporal failings that they now fault Little Bell for.

*See* Fed.R.Civ.P. 81(c) (specifying the deadline to file a responsive pleading after removal).

## II.

CenterPoint further contend that Little Bell's motion fails to establish the stringent circumstances required to support abstention under *Colorado River*. This argument stands on firmer ground.

As discussed above, Little Bell's motion urges the court to abstain from deciding those portions of the amended counterclaim and intervention that seek a judgment declaring the lessees' immunity from damages under the three leases. When deciding whether to exercise its discretion to abstain in favor of ongoing, parallel litigation, a federal court employs one of two tests depending upon the substantive nature of the litigation. *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). When the matter before the federal court is purely a declaratory judgment action, then the court must apply the standards derived from *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176 (1942). If, however, a complaint for declaratory relief includes an additional claim or claims for "coercive" (i.e. monetary or other) relief,[1] then the suit is no longer treated as a declaratory judgment action. *Id*. Stated differently, an action that seeks declaratory *and* injunctive relief must be treated as "an ordinary equity suit" ---- *unless*, the court determines that the requested injunctive relief is "frivolous or premature or otherwise wanting in equity," or is "made solely to avoid application of the *Brillhart* standard." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000).

Here, Little Bell neither argued nor demonstrated that CenterPoint's request for injunctive

---

[1] *Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 898, 2005 WL 1990208, 1 (5th Cir. 2005) (unpubl.).

relief is either frivolous or made in an effort to avoid the *Brillhart* doctrine. Indeed, Little Bell solely invokes abstention under *Colorado River*. Accordingly, the court's analysis is similarly circumscribed.

Initially, the court observes that *Colorado River* abstention is "available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). For purposes of this motion, the court assumes, much like the parties, that the instant counterclaim and intervention parallel the Remediation Suit.

The court next determines whether "exceptional circumstances support deference to the state court." *American Guarantee & Liability Ins. Co., supra* (citation omitted). In its analysis, the court considers six factors:

(1) assumption by either court of jurisdiction over a res;

(2) the relative inconvenience of the forums;

(3) the avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained by the concurrent forums;

(5) whether and to what extent federal law provides the rules of decision on the merits; and

(6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Black Sea Inv., Ltd., supra*. (citation omitted).

Applying the foregoing factors to the facts at hand, the court finds, as follows,

**1)   Jurisdiction over a Res**

Neither court has assumed jurisdiction over a res. The absence of this factor weighs *against* abstention. *Black Sea*, 204 F.3d at 650 (citation omitted).

**2) Relative Inconvenience of the Forums**

This factor contemplates "whether the inconvenience of the federal forum is so great" that abstention is warranted. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (citation omitted). There is no indication that a federal court sitting in Monroe, Louisiana is significantly more inconvenient than a state court situated 30 miles away in Bastrop, Louisiana. Accordingly, this factor weighs against abstention. *Black Sea, supra*.

**3) Avoidance of Piecemeal Litigation**

Little Bell contends that this factor supports abstention because of the possibility of inconsistent rulings between the courts on the same issue(s). However, "[t]he real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea*, 204 F.3d at 650-651 (citation omitted). When, as here, no court has assumed jurisdiction over a disputed res, then there is no such danger. *Id*. Accordingly, this factor weighs against abstention. *Id*.

**4) Order in Which Jurisdiction was Obtained**

This factor does not consider exclusively which complaint was filed first, but rather how much progress has been made in each of the two actions. *Black Sea, supra*. Here, although Little Bell filed the Remediation Action before CenterPoint raised overlapping issues via their counterclaim and intervention, no progress of any significance has occurred in the state court suit. *See* Affidavit of Gordon L. James; Def. Opp. Memo., Exh. Because the state court Remediation Action has not progressed significantly more than the instant suit, this factor weighs against abstention. *Black Sea, supra*.

**5)** **Whether State or Federal Law is Applicable**

Although both sides agree that state law governs the issues raised by the counterclaim, "[t]he absence of a federal-law issue does not counsel in favor of abstention." *Id*. (citation omitted). Instead, the "the presence of state law issues weighs in favor of surrender only in rare circumstances." *Id*. Little Bell has not demonstrated that the instant state law issue(s) present the requisite "rare circumstances." Thus, this factor remains neutral. *Id*.

**6)** **Adequate Protection Afforded by the State Court**

It is manifest that this last factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea, supra* (citation omitted). Thus, even in the absence of any indication that the state court cannot adequately protect CenterPoint's interests, this factor remains no more than neutral in the court's abstention analysis.

In sum, all of the *Colorado River* abstention factors remain either neutral or counsel against abstention. Thus, this case does not present exceptional circumstances sufficient to warrant abstention under *Colorado River*. *See e.g., Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. Appx. 9 (5th Cir. Jan. 12, 2007) (unpubl.) (the presence of one factor supporting abstention did not suffice) (citation omitted); *see also Black Sea, supra*.

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 43] filed by defendants-in-counterclaim and defendants-in-intervention, Martha Perry Amman, Paula Perry Blackman, and Little Bell L.L.C., be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

      **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

      THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 6th day of September 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE